IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BONNIE ALLEN THOMAS, § | | |
| Plaintiff, § | | |
| vs. § | Civil Action No. 3:17-CV-0348-N-BH | |
| § | | |
| THE STATE OF TEXAS, et. al, § | | |
| Defendants. § | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the plaintiff's post-judgment *Motion for Emergency Hearing*, filed May 3, 2018 (doc. 101). Based on the relevant filings and applicable law, the motion should be construed as arising under Rule 60(b) of the Federal Rules of Civil Procedure and **DENIED**.

**I. BACKGROUND**

Bonnie Allen Thomas (Plaintiff) filed this civil rights action under 42 U.S.C. §§ 1983 and 1985 and state law against the State of Texas, Johnson County, the former sheriff and a deputy, several state and municipal judges, the district attorney and an assistant district attorney, her ex-husband, his attorney, a private individual, and several unnamed defendants. (doc. 79 at 1, 13, 25-26, 28-40.)[1] She claimed that she "has been the target of an ongoing conspiracy of ... County officials to persecute and oppress her, and deny her justice in any court in ... County, on any matter, civil or criminal," in retaliation for a wrongful death action she and her siblings filed against the county and the sheriff, among others, in 2013. (*Id*. at 1.) The alleged conspiracy included giving

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

her ex-husband sole custody of their three children despite his prior drug use. (*Id.* at 6-9.) The defendants moved to dismiss her claims on various grounds, including lack of subject matter jurisdiction, immunity, and failure to state a claim. (*See* docs. 38, 56, 64, 69, 80, and 81.) All of Plaintiff's claims were dismissed by judgment entered on March 12, 2018. (*See* docs. 91, 96, 97.)

On April 11, 2018, Plaintiff filed a motion for an extension of time to file a notice of appeal, and it was construed as a notice of appeal by order dated April 12, 2018. (*See* docs. 98, 99.) Her appeal remains pending.

On May 3, 2018, Plaintiff filed a motion for an emergency hearing in this court, alleging that "the state court knew [her ex-husband's] home was dangerous, her children are now in "a life threatening situation," and her oldest son is currently using and selling drugs and expressing suicidal ideation. (*See* doc. 101 at 1-2.) She states that she "need[s] help, [and her] only hope is federal court." (*Id*. at 2.)

## II.  RULE 60(b)

Plaintiff's post-judgment request for emergency relief may be liberally construed as seeking relief under Federal Rule of Civil Procedure 60(b). *See Nichelson v. United Dominion Realty Trust*, 152 F. App'x 421, 423 (5th Cir. 2005) (construing emergency motion filed after entry of order of dismissal but before entry of judgment as seeking relief under Rule 60(b)); *Guy v. Briones*, No. C-07-473, 2008 WL 3538684, at *2 (S.D. Tex. Aug. 8, 2008) (construing emergency motions for injunctive relief against dismissed defendants as arising under Rule 60(b)).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud,

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief.  Fed. R. Civ. Proc. 60(b)(1)–(6).

Plaintiff's motion does not specifically allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; that the judgment has been satisfied, released, or discharged, or is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable.  It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6).  *See Hess v. Cockrell*, 281 F.3d 212, 215–16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604–05 (5th Cir. 1986)).  Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216.  In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule 60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening

3

equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.  *Id.* at 402.

Plaintiff appears to be re-urging her request for injunctive relief "directing that her child custody dispute" be moved to a different county in order to give her the opportunity "to have a fair and impartial judicial officer hear her child custody case . . . ." (*See* doc. 79 at 35-36.)  Her complaint alleged that her ex-husband's alleged drug use would endanger the children, and now she seeks to provide evidence that the state court placed her children in a dangerous situation with her ex-husband, and that her oldest son is currently using and selling drugs and expressing suicidal ideation. (*See* docs. 79 at 6-9; 101 at 1-2.)  Plaintiff's claim for injunctive relief was dismissed for lack of subject matter jurisdiction based on the *Younger*[2] abstention doctrine.  She has not alleged or shown extraordinary circumstances such that denial of her post-judgment motion would be "so unwarranted as to constitute an abuse of discretion" given the Court's finding that jurisdiction over her claim was lacking.  *See Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions).  Additionally, granting the motion would not be consistent with the considerations listed in *Seven Elves*.  Notably, her appeal remains pending.

### III. RECOMMENDATION

Plaintiff's motion for an emergency hearing should be liberally construed as arising under Rule 60(b) and **DENIED**.[3]

---

[2] The *Younger* abstention doctrine takes its name from the Supreme Court case of *Younger v. Harris*, 401 U.S. 37 (1971).

[3] A district court has jurisdiction to consider a Rule 60(b) motion that was filed while an appeal is pending and to deny it on the merits.  *See Shepherd v. International Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) ; *see also* Fed. R. Civ. P. 62.1.

4

**SO RECOMMENDED** on this 7th day of May, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE